IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PRINCE LEON GREEN, § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:06-CV-823-Y |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Prince Leon Green, TDCJ-ID #1194396, is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In July 2003, Green was charged by separate indictment with two counts of indecency with

a child younger than seventeen years of age by exposure in Case Nos. 0892039D and 0896585D in the 213th Judicial District Court of Tarrant County, Texas. (1Clerk's R. at 3; 2Clerk's R. at 3.)[1] In Case No. 0892039D, Green was also charged with one count of improper photography. Both indictments included a habitual offender notice.

Green's jury trial commenced on September 15, 2003. The testimony reflected that S.W., who was eight years old at the time of trial, frequently visited her grandmother in the Lowden Apartments in Fort Worth. (Reporter's R., vol. 3, at 25-26.) M.H., her cousin who was ten years old at the time of trial, lived with the grandmother along with her mother and father. Green also lived in the apartment complex and had given the girls candy and money for ice cream. (*Id.* at 26-27, 91.) Because of a fire, Green was to relocate to another apartment, and the girls helped him pack his belongings and carry them to the new apartment. (*Id.* at 29-30.) At some point during the move, the girls entered Green's apartment and saw him masturbating in the open door to his bedroom. (*Id.* at 34-35, 44-48, 97-100.) The girls also described other occasions when one or both of them saw Green masturbating. (*Id.* at 94-100.) Two cameras were found in Green's apartment, one of which contained a roll of film with eleven photos of M.H. playing in the courtyard of the apartments (several photos were of M.H. and S.W). (*Id.* at 64, 103-06.) Green told the arresting officer that he had played games in his apartment with children, including S.W. and M.H. (*Id.* at 83.) At the conclusion of the guilt/innocence phase, the jury found Green guilty of indecency with a child as charged in each case but not guilty of improper photography. (1Clerk's R. at 85-86; 2Clerk's R. at 49.) At the conclusion of the punishment phase the next day, during which proof of Green's

---

[1] "1Clerk's R." refers to the state trial court clerk's record in Case No. 0892039D; "2Clerk's R." refers to the state trial court clerk's record in Case No. 0896585D.

extensive criminal history was introduced, the jury assessed Green's punishment at sixty years' imprisonment in each case. (1Clerk's R. at 93; 2Clerk's R. at 56.)

Green appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments.[2] *Green v. Texas*, Nos. 2-03-377-CR & 02-03-397-CR, slip op. (Tex. App.–Fort Worth Jan. 13, 2005) (not designated for publication). Green did not file a petition for discretionary review in the Texas Court of Criminal Appeals, however he filed a state application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on September 20, 2006. *Ex parte Green,* Application No. 24,184-03, at cover. Green filed this federal petition on November 8, 2006.[3] Quarterman has filed an answer with supporting brief and documentary evidence, to which Green filed a reply.

D. ISSUES

In four grounds, Green raises the following issues.

(1) The state committed fundamental error by displaying photographs at the punishment phase from charges that had been dismissed;

(2) The trial court erred by trying him twice for the same offense in violation of double jeopardy;

(3) His trial counsel rendered ineffective assistance of counsel; and

(4) There was no evidence to support his convictions. (Petition at 7-8 & Attachment.)

---

[2]The appellate court modified the trial court's judgment in one of the appeals to omit the provision requiring Green to pay $4,000 in appointed counsel fees either as a condition of parole or pursuant to article 26.05 of the Texas Code of Criminal Procedure.

[3]*See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

3

E. RULE 5 STATEMENT

Quarterman believes Green has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c) by raising his claims in his state habeas application. (Resp't Answer at 4-5.)

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statutory provision further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden

4

of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Display of Photographs

Green claims the state committed fundamental error by displaying the photos of M.H. during the punishment phase after the jury acquitted him of the improper photography charge. (Petition at 7.) Relying on Texas evidentiary law, the state habeas judge, who also presided over Green's trial, entered express findings that the photographs in question were relevant to the other two offenses because all three offenses were from one criminal episode and that Green had not otherwise shown he was harmed by the state's displaying of the photographs and concluded that Green had failed to prove the state committed error by displaying the photos. (State Habeas R. at 51-52, 54-55.)

Green does not mention the state court's findings on the issue or make any effort to rebut the presumptive correctness of the findings and the findings do not appear unreasonable in light of the evidence presented in Green's trial. 28 U.S.C. § 2254(d); *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007). Thus, absent clear and convincing evidence to the contrary, the state court's findings are presumed correct. Based on those findings, the state courts' denial of the claim does not appear contrary to or involve an unreasonable application of clearly established federal law nor has Green demonstrated the state's displaying of the photos was so unduly prejudicial that it rendered the sentencing phase of his trial fundamentally unfair or resulted in a more severe punishment. *See Wiley v. Puckett*, 969 F.2d 86, 105 (5th Cir. 1992).

5

3. Double Jeopardy

Green claims the trial court erred by trying him twice for the same offense in violation of double jeopardy. (Petition at 7.) The state habeas court entered an express finding that the victims in each case were different and concluded that because he was indicted, charged, and tried for two offenses involving two separate victims, his convictions did not violate the double jeopardy. (State Habeas R. at 54.)

Green does not mention the state court's findings on the issue or make any effort to rebut the presumptive correctness of the findings and the findings do not appear unreasonable in light of the evidence presented in Green's trial. 28 U.S.C. § 2254(d); *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007). Thus, absent clear and convincing evidence to the contrary, the state court's findings are presumed correct. Based on those findings, the state courts' denial of the claim does not appear contrary to or involve an unreasonable application of clearly established federal law. *See Lave v. Dretke*, 416 F.3d 372, 382 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 1482 (2007).

4. Ineffective Assistance

Green claims he was denied effective assistance of trial counsel because counsel failed to (1) investigate, (2) put on witnesses who held exculpatory testimony, (3) ask the trial court to suppress the identification of him, and (4) request a limiting instruction as to an extraneous offense, and as a result of the cumulative effect of counsel's errors. (Petition at 7 & Attachment).

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's

7

performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Id.* at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690. Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002).

After conducting a hearing by affidavit, the state habeas court entered findings and conclusions on Green's ineffective-assistance claims, based largely on counsel Jack Duffy's detailed affidavit, and concluded that Green had failed to prove ineffective assistance under the requirements of *Strickland*. (State Habeas R. at 25-27, 48-51-54.) Weighing the credibility of the affiants was the role of the state court, and, clearly, the state court found the affidavit of counsel Duffy to be credible. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (providing that a trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are "virtually unreviewable" by the federal courts).

Green presents no compelling argument or evidence to rebut the state court's findings, and,

8

having conducted an independent review, there is nothing in the record to suggest that counsel's performance fell below an objective standard of reasonableness and that, but for trial counsel's alleged acts and omissions, the jury would have acquitted Green or imposed lower sentences. Thus, this court cannot say that the state courts' determination was contrary to or involved an unreasonable application of the *Strickland* standard or that it was based on an unreasonable determination of the facts as presented in the state court proceedings. 28 U.S.C. § 2254(d)(2), (e)(1).

### 5. No Evidence

Green claims there was no evidence to support his convictions, and, instead, the state relied on the testimony of two children whose mothers had a motive to coach them to testify as they did. (Petition at 8.) The state habeas court entered an express finding that Green admitted the victims testified that he committed the offense and concluded that their testimony was some evidence to support his convictions, which satisfied due process. (State Habeas R. at 52, 55.)

Green does not mention the state court's finding on the issue or make any effort to rebut the presumptive correctness of the finding and the finding comports with the evidence presented in Green's trial. 28 U.S.C. § 2254(d); *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007). Thus, absent clear and convincing evidence to the contrary, the state court's finding is presumed correct. Based on that finding, the state courts' denial of the claim does not appear contrary to or involve an unreasonable application of clearly established federal law. Under Texas law, the testimony of a child sexual assault victim alone is sufficient evidence to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005);*Perez v. Texas*, 113 S.W.3d 819, 838 (Tex. App.–Austin 2003, pet. ref'd); *Tear v. Texas*, 74 S.W.3d 555, 560 (Tex. App.–Dallas, pet. ref'd). Moreover, by his argument, Green raises nothing more than a credibility issue. Under

the *Jackson v. Virginia* standard for measuring legal sufficiency of the evidence, the assessment of the credibility of witnesses is generally beyond the scope of review. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Haley v. Quarterman*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004). The relevant question is only whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19. Assuming the jury believed the children's testimony, the evidence was sufficient for any rational jury to have found beyond a reasonable doubt that Green, with the intent to arouse or gratify his sexual desire, exposed his genitals on at least one occasion and knew the children were present.

## II. RECOMMENDATION

Green's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 3, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 3, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 13, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE